**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4831**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX ARNEZ JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:16-cr-00124-FDW-DSC-1)

Submitted:  April 9, 2020                                  Decided:  April 22, 2020

Before WILKINSON, KEENAN, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  William T. Stetzer, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Alex Arnez Jones pled guilty to five counts of interference with commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (2018), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2018). Applying the 2015 Edition of the Sentencing Guidelines Manual, the district court sentenced Jones, as a career offender, at the bottom of the Guidelines range to concurrent terms of 178 months' imprisonment on the Hobbs Act robbery convictions and a consecutive 84 months' imprisonment on the § 924(c) count, for a total term of 262 months.

Jones timely appeals, asserting two ineffective assistance of counsel claims. First, Jones argues that counsel was ineffective for failing to argue that he did not qualify as a career offender because his instant offenses of Hobbs Act robbery were not "crimes of violence" under the career offender Guidelines. Second, Jones contends that counsel was ineffective for failing to move to dismiss the § 924(c) count on the ground that Hobbs Act robbery does not qualify as a crime of violence for purposes of § 924(c).[*]

Claims of ineffective assistance generally are not addressed on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). Instead, to allow for adequate

---

[*] Jones concedes that this claim is foreclosed by our decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.) (holding that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)"), *cert. denied*, 140 S. Ct. 639 (2019), *and cert. denied*, 140 S. Ct. 640 (2019).

2

development of the record, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2018). *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Because the record before us does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion. Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*